# SETTLEMENT AGREEMENT AND GENERAL RELEASE

SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement"), made and entered into as of March __, 2019 between (a) Arlene Baxter, a/k/a Natasha Baxter, who resides at 958 East 228th Street, Apt. 1R, Bronx, New York 10466, in her capacity as an individual and on behalf of all of her heirs, executors, administrators, attorneys, successors, and assigns (herein collectively, "Baxter"), and Claire Shukla and George Trowse, who reside at 400 West 63rd Street, Flat 1902, New York, New York 10069, on behalf of themselves and the heirs, executors, administrators, attorneys, successors, and assigns of each of them (herein collectively, the "defendants"):

## RECITALS

WHEREAS, the defendants employed Baxter from on or about August 31, 2016 through on or about August 24, 2018 to care for their two children and perform light housekeeping chores in the children's bedroom and play area; and

WHEREAS, on November 6, 2018 Baxter, through her attorneys, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 ("Greenberg"), commenced an action against the defendants in the United States District Court for the Southern District of New York styled "Arlene Baxter v. Claire Shukla and George Trowse" and docketed under number 1:18-cv-10302 (JMF) (herein the "Action") alleging, *inter alia*, that Baxter had worked 48.5 hours per week in each week from August 31, 2016 until August 24, 2018, that she did not take an uninterrupted meal break of greater than 15 minutes during the entirety of her employment, that defendants did not pay her overtime compensation for hours worked in excess of 40 in a week in violation of the Fair Labor Standards Act ("FLSA") and the New York State

121237.3

Labor Law ("NYLL"), and that defendants did not comply with the time-of-hire and wage statement provisions of the New York State Labor Law; and

**WHEREAS,** the defendants, through their attorney, Dennis A. Lalli, Esq. ("Lalli"), of the law firm Bond, Schoeneck & King, PLLC, 600 Third Avenue, 22nd Floor, New York, New York 10016 ("Bond, Schoeneck"), filed their Answer to the Complaint on January 22, 2019 and denied the material allegations of the payment-of-wages claims that were asserted in the Complaint; and

**WHEREAS,** during the period between service of the Complaint and February 11, 2019, the parties exchanged informal discovery with a view toward settling the case in advance of formal discovery and litigation; and

**WHEREAS,** the Court conducted a settlement conference on February 11, 2019 with all parties in attendance; and

**WHEREAS,** the parties agreed at the settlement conference to settle the Action in order to avoid the burden, cost, distraction, risk, and inconvenience of litigation;

**NOW THEREFORE,** in consideration of the terms, conditions, and covenants herein set forth, the parties hereto agree as follows:

1. **Acknowledgement of Compromise and Non-Admission**

Baxter acknowledges and agrees that this Agreement has been made and that the consideration to be paid to her pursuant to this Agreement shall be received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and is not to be construed as, an admission by the defendants of any liability or wrongdoing whatsoever, neither as to Baxter nor to any other person or employee or former

employee; nor is it, and nor shall it be construed as, an admission by defendants of any act or fact whatsoever, including but not limited to any violation by the defendants of any federal, state, local or common law, statute, local law, ordinance, directive, regulation, or order (including executive orders).

## 2. Execution of the Settlement Agreement and Payment of the Settlement Amount

**(a)** Baxter shall deliver to Lalli at Bond, Schoeneck **(i)** four copies of this Agreement, each bearing Baxter's notarized signature; **(ii)** a fully and properly completed IRS W-9 form signed by Baxter bearing her Social Security number; **(iii)** a fully and properly completed IRS W-9 form signed by Greenberg bearing its Employer Identification Number, and (iv) a Stipulation of Dismissal with Prejudice in the form attached to this Agreement as exhibit A bearing the signature of an attorney from Greenberg.

**(b)** Within 14 days after Lalli's receipt of the documents enumerated in Section 2(a), Lalli shall deliver two fully-executed copies of this Agreement to Keith Williams, Esq. ("Williams") at Greenberg, together with a fully-executed Stipulation of Dismissal.

**(c)** Within 14 days after the entry in the Action of a Court-endorsed Order approving this Agreement and dismissing the Action with prejudice, defendants shall pay the sum of $30,000 by delivering to Williams at Greenberg **(i)** a check drawn in the amount of $10,000 to the order of "Neil H. Greenberg & Associates, P.C.," and (ii) a check drawn in the amount of $20,000 to the order of "Arlene Baxter." These payments shall constitute full settlement of all claims that Baxter asserted in the Action. Baxter shall be fully responsible for paying all federal, state, and local taxes due on the

payments made to Baxter as provided herein. Defendants shall report those payments to the federal, State, and local tax authorities on one IRS Form 1099 issued to Baxter with the amount of $20,000 written in box no. 3, and on a second IRS Form 1099 issued to Greenberg in the amount of $10,000. Baxter shall indemnify and hold the defendants harmless from any federal, state, and local taxes, interest, and penalties that are or that become due with respect to said payments except for defendants' portion of FICA and/or FUTA, if any.

3. **Mutual General Releases**

(a) **Baxter's Release of the Defendants:** (i) In consideration of the terms of this Agreement and for the agreement of the defendants to enter into this Agreement, Baxter waives and hereby releases and discharges the defendants from all liability to her of any kind or nature whatsoever, including without limitation all liability arising out of or relating to her employment with the defendants prior to the date of her execution of this Agreement, the way she was treated during the course of her employment by the defendants, the compensation paid to her for work performed during her employment by the defendants, the termination of her employment, penalty payments under notice and pay stub provisions of Sections 195 and 198 of the NYLL, and any overtime, minimum wage, or other compensation that Baxter contends she earned while employed by the defendants but did not receive, including without limitation **(A)** all liability for any acts that violated or may have violated Baxter's rights under any contract, tort, or other common law theory of recovery, any federal, state, or local fair employment practices, fair labor standards, payment of wages, or civil rights law or regulation, any employee relations statute, executive order, law, regulation, wage order, or ordinance, or any

other duty or obligation of any kind, including but not limited to rights created by the FLSA or the NYLL, and all other laws of any kind or nature that pertain to the legal relations between employers and employees; **(B)** all liability, asserted or unasserted, known or unknown, suspected or unsuspected, which was or could have been alleged against or imputed to the defendants by Baxter or any person acting on Baxter's behalf (such as a class or collective action plaintiff, or the United States or New York State Departments of Labor or any other governmental agency) prior to the date of this Agreement; **(C)** all asserted and unasserted rights to and claims for wages, minimum wages, overtime compensation, monetary and equitable relief, interest, and compensatory, punitive, or liquidated damages or penalty payments; and **(D)** all asserted and unasserted rights to and claims for attorneys' fees and costs, whether under the FLSA, the NYLL, or any other federal, state, or local statute, regulation, or judicial precedent that shifts to the employer responsibility for payment of attorneys' fees, costs, and disbursements in litigation of any kind arising from the employment relationship or the workplace.

    **(ii)** Baxter shall not in the future initiate or cause to be initiated any judicial complaint, action, or proceeding that in any manner whatsoever involves allegations or facts that were or could have been raised against the defendants in any forum as of the date of her execution of this Agreement.

    **(iii)** If there is presently pending any judicial or administrative proceeding other than the Action arising out of or relating to the defendants' employment of Baxter, the termination of her employment, the way she was treated while employed by the defendants, or the compensation paid to her while she was employed by the defendants

that was commenced by Baxter or any person acting or purporting to act on his behalf, or if in the future such a proceeding is commenced by Baxter or any person acting or purporting to act on her behalf, Baxter shall promptly notify the defendants of the pendency of such proceeding and withdraw it with prejudice to the extent it is brought on her behalf if she has the power to do so; further, she shall refrain from obtaining or accepting any relief or recovery therefrom, and if she receives such relief or recovery, she shall promptly pay it over to the defendants without demand therefor by the defendants.

  **(b)** **Defendants' Release of Baxter**:  In exchange for and in consideration of the covenants and promises contained herein, defendants, on behalf of themselves and, if any, their respective assignee(s), heir(s), executor(s), agent(s), successor(s), beneficiary(ies), legal representative(s), and assignee(s), hereby waive, discharge, and forever release Baxter and her current and former parents, subsidiaries, divisions, branches, assigns, insurers, and affiliated and related companies or entities, and her or their respective predecessors, successors, and present and former directors, officers, partners, shareholders, fiduciaries, employees, representatives, agents, and attorneys, in their individual and representative capacities, from any and all actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, executions, claims, and demands whatsoever in law, or in equity, which defendants have, had, or may have, whether known or unknown, contingent or otherwise, and whether

specifically mentioned or not, from the beginning of time through the date that defendants, respectively, execute this Agreement.

### 4. No Re-Employment

By executing this Agreement, Baxter waives any right she might have to continued or reinstated employment of any kind or nature with the defendants, as well as any right she might have to apply for or accept employment with them in the future. If in the future Baxter applies for employment with the defendants notwithstanding this provision, she hereby waives and releases them to the fullest extent permitted by law from any liability that may flow from any claim she might have arising from the rejection of such application.

### 5. Entire Agreement

Baxter represents and acknowledges that she has reviewed this Agreement in its entirety with her attorney carefully to ensure complete understanding of the Agreement and its full effect upon her, that it contains the entire understanding between her and the defendants in relation to its subject matter, and that she is not relying upon any representations or statements, written or oral, made by or on behalf of the defendants that is not set forth herein. This Agreement supersedes all prior agreements between the parties, if any, concerning its subject matter, and may not be altered, amended, modified, superseded, canceled, or terminated except by a writing duly executed by the parties or their attorneys on their behalf.

### 6. Consultation with Counsel

By executing this Agreement, Baxter acknowledges that she has been advised of her right to consult with counsel concerning the terms of this Agreement, that she consulted with and was advised and represented by Greenberg prior to and in

connection with the negotiations which resulted in this Agreement, that she fully understands the rights and obligations created by this Agreement, that she had ample opportunity to, and did, ask her attorney any questions she had concerning this Agreement, that she is satisfied on the basis of the answers given that she fully comprehends the meaning of each provision of this Agreement, and that on the basis of such understanding she has entered into and executed this Agreement freely and voluntarily with the intent to induce the defendants to sign this Agreement, and to be bound by it herself.

## 7.   Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to New York's conflict of law provisions.

## 8.   Condition Precedent

It is a condition precedent to the enforceability of this Agreement that the Court endorses and enters and Order approving this Agreement. If the Court does not approve this Agreement, it shall become a nullity, subject to good-faith negotiations between the parties to revise or reform it such that the Court will approve it as revised.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement on the dates indicated below.

**ARLENE BAXTER**

_Arlene Baxter_

Date: 3-7-19

Sworn to before me this
___ day of March 2019

_[signature]_
Notary Public

[Notary seal: EMILY M COLATO REYES, NOTARY PUBLIC, Exp. February 22, 2020, NASSAU COUNTY, No. 01..., STATE OF NEW YORK]

**CLAIRE SHUKLA**

_[signature]_

Date: 3/14/2019

Sworn to before me this
14 day of March 2019

_[signature]_
Notary Public

Mary Theresa McKeown
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES   Feb. 3, 2024

**GEORGE TROWSE**

_[signature]_

Date: 3/14/2019

Sworn to before me this
14 day of March 2019

_[signature]_
Notary Public

Mary Theresa McKeown
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES   Feb. 3, 2024

121237.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ARLENE BAXTER,

                        Plaintiff,              Case No. 1:18-cv-10302 (JMF)(SDA)

    - against -                             **STIPULATION AND ORDER**
                                                 **OF DISMISSAL WITH PREJUDICE**
CLAIRE SHUKLA and GEORGE TROWSE,

                        Defendants.

---------------------------------------------------------------X

       **WHEREAS**, the parties engaged in a settlement conference before the Court previously on February 11, 2019; and

       **WHEREAS**, during the settlement conference, the parties reached an agreement in principle to resolve this matter, which the parties have reduced to writing and submitted to this Court for review and approval;

       **WHEREAS**, the Court having reviewed the settlement agreement,

       **NOW THEREFORE** upon the joint application of all parties by their respective counsel for entry of an Order of Dismissal with Prejudice approving the parties' settlement in this action, and the parties' having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation;

       It is **HEREBY ORDERED AS FOLLOWS**:

       1. The parties' settlement has been negotiated in good faith at arm's length by the parties' attorneys;

2. The settlement, including the allocation of plaintiff's recovery and requested attorneys' fees to plaintiff's counsel, is approved as a fair and reasonable disposition of the plaintiff's Fair Labor Standards Act claims, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015); and

3. Accordingly, this action, and all of the claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Fed.R.Civ.P. 41(a)(2), without an award of costs or fees to any party except as provided for in the parties' settlement agreement.

NEIL H. GREENBERG & ASSOCIATES. P.C.

By: _____
Keith Williams, Esq.

4242 Merrick Road
Massapequa, New York  11758
(516) 228-5100

Attorneys for the Plaintiff

BOND, SCHOENECK & KING, P.L.L.C.

By: _____
Dennis Lalli, Esq.

600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2312

Attorneys for the Defendants

SO ORDERED:

_____
United States District Judge